WO ASH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hector Velasquez,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　Defendants. | No. CV 14-08136-PCT-SPL (BSB)<br><br>**ORDER** |

Plaintiff Hector Velasquez, who is confined in the Arizona State Prison Complex-Lewis in Buckeye, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2). The Court will dismiss the Complaint with leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $37.86. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

. . . .

**JDDL-K**

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

## III.  Complaint

In his three-count Complaint, Plaintiff names as Defendants: Charles Ryan, the Director of the Arizona Department of Corrections ("ADOC"); "John Doe," the Deputy Warden at the Arizona State Prison Complex-Kingman ("ASPC-Kingman"); and multiple John/Jane Does, who are described as classification officers at ADOC's Central Office.  For his alleged injuries, Plaintiff seeks injunctive relief in the form of an addition to his "Do Not House" list, as well as monetary relief and punitive damages.

In his Complaint, Plaintiff alleges that on October 2, 2012, he was transferred to ASPC-Kingman, where, within hours, he was beaten by four or five other inmates.  As a result of the beating, Plaintiff was in a coma for 12 days, suffered brain trauma, has had to re-learn how to walk and talk, and will require therapy for the remainder of his life.  Plaintiff alleges that the beating occurred because he was placed in a unit with his victim, and that the victim should have been on Plaintiff's "Do Not House" list.  Plaintiff further alleges that he was "almost" assaulted again while he was in the infirmary.

In Count One, Plaintiff alleges that Defendant Ryan is liable because, "even though [Defendant Ryan] was not told personally [about] the situation," his staff failed to ensure Plaintiff's safety by allowing Plaintiff to be housed in the same unit as his victim, in violation of the Eighth Amendment.

In Count Two, Plaintiff alleges that Defendant Doe, the Deputy Warden at ASPC-Kingman, is liable because, "even though [Defendant Doe] was not directly advised," his staff failed to ensure Plaintiff's safety by allowing Plaintiff to be housed in the same unit as his victim, in violation of the Eighth Amendment.

In Count Three, Plaintiff alleges that the John/Jane Doe Defendant classification officers are liable because they failed to ensure Plaintiff's safety by allowing Plaintiff to be housed in the same unit as his victim, in violation of the Eighth Amendment.

## IV. Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*.

Additionally, to state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

An Eighth Amendment threat-to-safety claim for requires a sufficiently culpable state of mind by the Defendants, known as "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Id.* at 835. To state a claim of deliberate indifference, plaintiffs must meet a two-part test. "First, the alleged constitutional deprivation must be, objectively, sufficiently serious"; and the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* at 834 (internal quotations omitted). Second, the prison official must have a "sufficiently culpable state of mind," i.e., he must act with "deliberate indifference to inmate health or safety." *Id.* (internal quotations omitted). In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference." *Id.* at 837 (emphasis added).

### A. Defendants Ryan and Doe (Deputy Warden)

As stated above, a vicarious liability or *respondeat superior* theory is not a cognizable § 1983 claim. However, Plaintiff's claims against both Defendant Ryan and Defendant Doe are based on a *respondeat superior* theory. Accordingly, Plaintiff has failed to state a claim against these defendants for which relief could be granted.

### B. Defendants John/Jane Doe (Classification Officers)

Generally, the use of anonymous type appellations to identify defendants is not favored. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an anonymous defendant.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or

that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). However, the plaintiff must still plead facts sufficient to demonstrate that the unknown defendants have violated the plaintiff's rights.

Here, Plaintiff has failed to state a claim against the John/Jane Doe classification officer defendants. Plaintiff has not alleged that these defendants were, for instance, aware that Plaintiff's victim was on his "Do Not House" list (indeed, it is unclear whether the victim was on Plaintiff's "Do Not House" list, or whether ADOC officials were even aware who Plaintiff's victim was). Plaintiff has not indicated what information, if any, these defendants were aware of, when they became aware of that information, and why their responses (or lack of responses) to that information constitutes "deliberate indifference." Accordingly, Plaintiff has failed to state a claim against these defendants for which relief could be granted.

**V.     Leave to Amend**

Because Plaintiff has failed to state a claim against any named Defendant for which relief could be granted, the Complaint will be dismissed. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised

in the original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo*, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

## VI. Warnings

### A. Release

If released from custody, Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

If Plaintiff's address changes, Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

. . . .

. . . .

### C. Copies

Because Plaintiff is currently confined in an Arizona Department of Corrections unit subject to General Order 14-17, Plaintiff is not required to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Local Rule of Civil Procedure 5.4. If Plaintiff is transferred to a unit other than one subject to General Order 14-17, he will be notified of the requirements regarding copies for the Court that are required for inmates whose cases are not subject to General Order 14-17.

### D. Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $37.86.

. . . .

(3) The Complaint (Doc. 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 5th day of September, 2014.

Honorable Steven P. Logan
United States District Judge